# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41521

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

DAWN POLK,

      Plaintiff - Appellee

v.

MICHAEL SINEGAL,

      Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-153

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

This case occasions review of the district court's denial of a motion for summary judgment predicated on qualified immunity. Finding no error in the district court's analysis, we AFFIRM.

## BACKGROUND

In 2009, Michael Sinegal, a county commissioner in Jefferson County, Texas, hired Dawn Polk as an administrative assistant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41521

Three years later, in 2012, Polk informed Sinegal that she planned to run in the Democratic Primary for Justice of the Peace. One of Polk's opponents was the incumbent, Tom Gillam III. Sinegal initially told Polk he thought her campaign was a good idea. During a subsequent meeting in September 2013, however, Sinegal acted as though Polk had failed to inform him of her candidacy, complaining, "you don't know what type of position you're putting me in because this man Gillam is going around telling everybody that I set you up to run against him."

Polk campaigned on the basis of her own integrity and Gillam's lack thereof. She ultimately lost the primary and returned to work for Sinegal. Upon her return, Sinegal called Polk into his office, informing her that he had spoken with Human Resources and that Polk's employment was "not working out." Sinegal said that he had informed Human Resources that Polk was not typing memoranda or giving messages. In fact, Sinegal alleged that Polk was "not doing anything." Polk asked Sinegal why he would lie to Human Resources and whether he was firing her for campaigning against Gillam. Sinegal immediately called another employee into the room to witness the meeting and told Polk she had two days to find another job.

In March 2015, Polk sued Sinegal and Jefferson County under 42 U.S.C. § 1983 in state court. The defendants subsequently removed the case to federal court. Polk's amended complaint asserts that Sinegal and Jefferson County violated the First Amendment by retaliating against her for speaking out against Gillam. The defendants moved for summary judgment, arguing that the County was not liable under *Monell* and that Sinegal was entitled to qualified immunity. The district court granted summary judgment as to the County, but found that Polk had raised a genuine issue of material fact as to Sinegal's qualified immunity. Sinegal timely appealed that decision.

2

No. 16-41521

## STANDARD OF REVIEW

"While not a final decision, 'the denial of a motion for summary judgment based upon qualified immunity is a collateral order capable of immediate review.'" *Heaney v. Roberts*, 846 F.3d 795, 800 (5th Cir. 2017) (quoting *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc)). However, in doing so, we have limited appellate jurisdiction.

A district court denying an official's motion for summary judgment predicated on qualified immunity "can be thought of as making two distinct determinations." *Kinney*, 367 F.3d at 346. First, the district court determines whether "a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law." *Id.* Second, the district court determines whether "a genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct." *Id.* This court only has jurisdiction to review the first type of determination. *Id.* at 346-47.

Because we have no jurisdiction to consider the correctness of the plaintiff's version of the facts, the appealing defendant must "be prepared to concede the best view of the facts to the plaintiff and discuss only the legal issues raised by the appeal." *Winfrey v. Pikett*, 872 F.3d 640, 644 (5th Cir. 2017) (citations omitted). So limited, this court reviews the district court's analysis *de novo. Id.*

## DISCUSSION

Sinegal argues that Polk's allegations are, as a matter of law, insufficient. In addition, Sinegal asserts that the district court defined "clearly established law" at too high a level of generality. Neither argument has merit.

To establish a claim of First Amendment retaliation, Polk must show that: (1) she "suffered an adverse employment decision;" (2) her "speech involved a matter of public concern;" (3) her interest in speaking "outweighed the defendant's interest in promoting efficiency;" and (4) her speech was a

No. 16-41521

"substantial or motivating factor" behind the adverse employment decision. *See James v. Texas Collin Cnty.*, 535 F.3d 365, 375-76 (5th Cir. 2008).

Only the fourth element is in dispute.[1] As the district court noted, "Polk alleges that her decision to run for office caused altercations between Sinegal and Gillam, which ultimately resulted in Sinegal's decision to terminate Polk's employment." The court found that Polk had raised a genuine issue of fact for those allegations by proffering evidence that Sinegal used the allegations of poor work performance "as excuses to mask" his true motive in firing Polk. The only question for our consideration is whether such conduct, if proven, would be objectively unreasonable in light of clearly established law. *See Kinney*, 367 F.3d at 346. We agree with the district court that it would.

"This court has been unequivocal in its recognition of a First Amendment interest in candidacy." *Phillips v. City of Dallas*, 781 F.3d 772, 778 (5th Cir. 2015). We have recognized that right in the public employment context since at least 1992. *See Click v. Copeland*, 970 F.2d 106, 112 (5th Cir. 1992). Applying that clearly established precedent to this case, we agree with the district court that "if Polk's version [of the facts] is accurate, and Sinegal is using [poor work evaluations] as excuses to mask his unconstitutional conduct, then qualified immunity is unavailable."

## CONCLUSION

There is no question that Sinegal disputes that Polk's candidacy was the motivating factor in terminating her employment. However, we are limited to

---

[1] Sinegal disputes the district court's conclusion that he was not contesting the third element of Polk's retaliation claim. As evidence that he disputed this element, Sinegal states that his summary judgment motion explained that he fired Polk because she was "inefficient." This argument misunderstands the third element, which involves interest balancing under *Pickering v. Board of Education*, 391 U.S. 563 (1968). Sinegal never argues that an interest in governmental efficiency outweighed Polk's interest in engaging in political speech; indeed, he argues that Polk's termination was *unrelated* to her political speech.

No. 16-41521

determining only whether the conduct identified by the district court would, as a matter of law, be objectively unreasonable in light of clearly established law, if true. Finding that it would, we AFFIRM on that limited ground.